950

FIDELITY–BANKERS' TRUST CO. v. LITTLE et al.

No. 4364.

Circuit Court of Appeals, Fourth Circuit.

Nov. 10, 1938.

S. M. Wolfe and J. Claude Fort, both of Gaffney, S. C., for appellant.

John M. Hemphill, of Chester, S. C. (Paul Hemphill, of Chester, S. C., on the brief), for appellees.

Before NORTHCOTT and SOPER, Circuit Judges, and WAY, District Judge.

NORTHCOTT, Circuit Judge.

This is a suit in equity, begun in the District Court of the United States for the Western District of South Carolina, in April, 1936, by the appellant, Fidelity-Bankers' Trust Company, a Tennessee corporation, here referred to as the plaintiff, against the appellees, Dever Little, Maude S. Little, Cleo Little, Fannie S. Patterson, Quay D. Stroup and Clayborn R. Stroup, here referred to as the defendants. The object of the suit was to have certain mortgages, deeds, and an assignment made by defendants Dever Little and Maude S. Little adjudged to be fraudulent, and null and void and to have them set aside as repugnant to Sec-

tion 8699 of the 1932 Code of Laws for the State of South Carolina.

The complaint set out the conveyances attacked and alleged that they were made for the purpose of hindering and delaying the plaintiff in the collection of a debt due it from the defendants, Dever Little and Maude S. Little. Answers were filed by the defendants denying the allegations of the complaint as to fraud and as to the illegality of the transactions in question. A hearing was had at which evidence was taken before the judge below and, after argument, the trial judge made an exhaustive findings of fact and stated his conclusions of law from the facts as found by him. In January, 1938, a decree was entered holding the conveyances attacked to be legal and valid, denying the relief prayed for, and dismissing plaintiff's complaint. From this action of the court below this appeal was brought.

The statutes involved are Sections 8696 and 8699 of the 1932 Code of Laws of South Carolina which read as follows:

"§ 8696. *Conveyance to Defraud Creditors Void.*—Every feoffment, gift, grant, alienation, bargain, and conveyance of lands, tenements, or hereditaments, goods and chattels, or of any of them, or of any lease, rent, commons, or other profit or charge out of the same, by writing or otherwise; and every bond, suit, judgment, and execution, which may be had or made, to or for any intent or purpose to delay, hinder, or defraud creditors and others of their just and lawful actions, suits, debts, accounts, damages, penalties, and forfeitures, shall be deemed and taken (only as against that person or persons, his or their heirs, successors, executors, administrators, and assigns, and every of them, whose actions, suits, debts, accounts, damages, penalties and forfeitures, by such guileful, covinous, or fraudulent devices and practices, as is aforesaid, are, shall, or might be in any ways disturbed, hindered, delayed, or defrauded) to be clearly and utterly void, frustrate, and of none effect; any pretense, color, feigned consideration, expressing of use, of any other matter or thing to the contrary notwithstanding."

"§ 8699. *Conveyances upon Good Consideration, Etc., Valid.*—Nothing contained in the three preceding sections shall extend or be construed to impeach, defeat, make void, or frustrate, any conveyance, assignment of lease, assurance, grant, charge, lease, estate, interest, or limitation of use or uses of, in, to or out of any

lands, tenements, or hereditaments heretofore at any time had or made or hereafter to be had or made, upon or for good consideration and bona fide to any person or persons, bodies politic or corporate; anything mentioned to the contrary notwithstanding."

The sole question involved on this appeal is the validity of the conveyances involved.

The judge below made detailed findings of fact at some length which will be found in the record and which it is not necessary to repeat here. It is sufficient to state that in May, 1930, Dever Little secured from the plaintiff a loan of $20,000, giving as security a lien upon real estate owned by him in Elizabethton, Tennessee. Dever Little's wife, defendant Maude S. Little, signed the note given for the loan. The payments on this loan became in default and in December, 1933, the real estate was sold at public sale, bringing the sum of $12,000, leaving due on the debt over ten thousand dollars ($10,000), for which deficiency the plaintiff secured a judgment against Dever Little and Maude S. Little in an action entered on March 13, 1934, in the Court of Common Pleas for Cherokee County, South Carolina.

Shortly before the beginning of this action for a deficiency judgment the defendants, Dever Little and Maude S. Little, made the conveyances and transfers complained of on this appeal.

In his conclusions of law, as set out in the record, the judge below reviews the decisions of the Supreme Court of South Carolina construing the statutes above quoted and reached the conclusion that the transfers in question were not in violation of Section 8696, of the 1932 Code of Laws of South Carolina.

The following cases were cited by the trial judge in support of his conclusions: Magovern & Co. v. Richard, 27 S.C. 272, 3 S.E. 340; Porter v. Stricker, 44 S.C. 183, 21 S.E. 635; McElwee v. Kennedy et al., 56 S.C. 154, 34 S.E. 86; Avery & Son v. Wilson, 47 S.C. 78, 25 S.E. 286; Lenhardt v. Ponder, 64 S.C. 354, 42 S.E. 169; Beaufort Veneer, etc., Co. v. Hiers, 142 S. C. 78, 140 S.E. 238.

On behalf of the plaintiff many South Carolina decisions are cited but an examination of them shows that they are distinguishable from the instant case and deal with cases where facts have been found establishing fraud or an intent to delay and hinder the complaining creditor.

 The trial judge heard the witnesses, saw their demeanor on the witness stand and his finding as to the facts is entitled to great weight.

An examination of the record leads us to the conclusion that we can not say that the judge below erred in his finding of facts. We are also of the opinion that the trial judge properly applied the law of South Carolina to the facts found by him.

The decree is accordingly affirmed.

Affirmed.